IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| SHIVA STEIN and KEVIN McCARTY, Derivatively on Behalf of RCI HOSPITALITY HOLDINGS, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>NOUR-DEAN ANAKAR, YURA BARABASH, STEVEN L. JENKINS, ERIC LANGAN, LUKE LIROT, PHILLIP K. MARSHALL, ELAINE J. MARTIN, ALLAN PRIAULX, and TRAVIS REESE, <br><br>Defendants, <br><br>– and – <br><br>RCI HOSPITALITY HOLDINGS, INC, a Texas corporation, <br><br>Nominal Defendant | Civil Action No. |

## MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiffs Shiva Stein and Kevin McCarty (together, "Plaintiffs") request leave to file their Verified Shareholder Derivative Complaint (the "Complaint") in this action under seal. In support of this motion, Plaintiffs state as follows:

1. This is a verified shareholder action brought by Plaintiffs on behalf of nominal defendant RCI Hospitality Holdings, Inc. ("RCI" or the "Company"), against certain officers and directors for breach of fiduciary duty.

2. RCI provided Plaintiffs with certain internal corporate documents pursuant to Plaintiffs' agreement to treat such documents as confidential. Plaintiffs asked RCI's counsel for a confidentiality agreement regarding the document production, but one was never sent to Plaintiffs. Nevertheless, Plaintiffs used information contained within the internal documents in their Complaint and Plaintiffs seek permission from the Court to file the Complaint under seal until such a time as RCI and the named defendants enter appearances and weigh in on the matter.

3. The Fifth Circuit has recognized that the right of access to judicial proceedings and records "is not absolute." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Rather, courts may deny access to judicial records, for example, where they "incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon*, 435 U.S. at 598). *See also Barry v. Medtronic, Inc.*, 2016 WL 11743535, at *2 (E.D. Tex. July 18, 2016) (sealing documents that "contain confidential business information for which the parties' interest in non-disclosure outweighs the public's common-law right of access to judicial filings"). Based on RCI's representation that its production contains confidential information, the Court should permit Plaintiffs to file their Complaint under seal.

WHEREFORE, Plaintiffs respectfully request leave to file their Complaint under seal. Plaintiffs will then promptly provide RCI with the Complaint so RCI may review it for any information that it believes is nonpublic, confidential, proprietary, or commercially sensitive. RCI can then file a redacted, public version of the Complaint and/or a motion to continue to seal the Complaint in its entirety.

| Dated: January 21, 2022 | Respectfully submitted, |
|---|---|
| | **SPONSEL MILLER GREENBERG PLLC** |
| | |
| | _____/s/ Thane T. Sponsel III_____ |
| | Thane Tyler Sponsel III |
| | Texas Bar No. 24056361 |
| | Federal ID No. 690068 |
| | Roger B. Greenberg |
| | Texas Bar No. 08390000 |
| | Federal ID No. 3932 |
| | 50 Briar Hollow Lane |
| | Suite 370 W |
| | Houston, Texas 77027 |
| | Telephone: (713) 892-5400 |
| | sponsel@smglawgroup.com |
| | roger@smglawgroup.com |

OF COUNSEL:

**POMERANTZ LLP**

Gustavo F. Bruckner
Daryoush Behbood
600 Third Avenue
New York, NY 10016
(212) 661-1100

**SHUMAN, GLENN & STECKER**

Kip B. Shuman
100 Pine Street, Suite 1250
San Francisco, CA 94111
(303) 861-3003

Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003
(303) 861-3003

Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003

**KASKELA LAW LLC**
Seamus Kaskela
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
(888) 715-1740